UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LAWRENCE RAY,                                          CASE NO. 08cv 03485 (PKC)(DFE)

                                          Plaintiff,


                                       -against-


                                          VERIFIED COMPLAINT

DAVID A. PATERSON, as Governor of the State of
New York, ROBERT T. JOHNSON, as District
Attorney of Bronx, County, State of New York,
MARTIN HORN, as Commissioner of Corrections
of the City of New York, THE NEW YORK CITY
DEPARTMENT OF CORRECTION,

JON S. CORZINE, as Governor of the State of New
Jersey, WAYNE J. FORREST, as Prosecutor of
Somerset County, State of New Jersey, and JULIE
M. MARINO, a Judge of the Superior Court, State
of New Jersey,

                                          Defendants.

-------------------------------------------------------------x

For his complaint herein, Plaintiff alleges:

JURISDICTION AND VENUE

1. This is an action seeking equitable relief to quash an extradition warrant issued by the Governor of New York State and a requisition warrant issued by the Governor of New Jersey State seeking to return Plaintiff from New York City to Somerset County, New Jersey to face felony charges of "Interfering with "Custody" and "Contempt", quashing a bench warrant issued by the Superior Court of the State of New Jersey, enjoining the prosecution of the Plaintiff on such charges in Somerset County, New Jersey, providing

1

for Habeas Corpus relief by releasing Plaintiff from the custody of the New York City Department of Correction where he is being held on the aforesaid extradition warrant, and ordering the removal of all civil court matrimonial and custody proceedings involving the plaintiff and his daughters from Somerset County, New Jersey.

2.  This Court has original jurisdiction over this action pursuant to 42 USC 1981, 42 USC 1985 (3), 42 USC 1988, 28 USC 2254 and 28 USC 1331.

3.  This Court has personal jurisdiction over the Defendant Governor David A. Paterson, New York City Correction Commissioner Martin Horn and Robert T. Johnson, District Attorney of Bronx County where the Plaintiff's extradition proceeding is now pending, in the Southern District of New York.

4.  Venue is proper in this District as the Governor of New York State, the New York City Department of Correction and the Bronx District Attorney have offices within the Southern District of New York, where the Plaintiff is incarcerated at the Rikers Island Correctional facility (GMDC), and where the extradition proceedings are pending in the Bronx County New York State Supreme Court within the Southern District of New York.

The Parties:

5.  Plaintiff, Lawrence Ray, is an individual who is presently incarcerated at Rikers Island Correctional Facility and the defendant named in an indictment in Somerset County, New Jersey, filed on December 5, 2005, accusing him of "interfering with custody" and "contempt" in violation of New Jersey Criminal Statutes.

2

6. David A. Paterson is the Governor of the State of New York, and is the official who is responsible for issuance and execution of an arrest warrant pursuant to a requisition from the Governor of the State of New Jersey in accordance with the provisions of Article 570 of the New York Criminal Procedure Law.

7. Robert T. Johnson is the District Attorney of Bronx County, State of New York, and is the prosecuting official where the Plaintiff's arrest warrant was returned, i.e. Bronx County Supreme Court, and where the extradition proceeding is now pending.

8. Martin Horn is the Commissioner of the New York City Department of Correction and has custody of the Plaintiff at the Department's facility on Rikers Island in the City of New York.

9. Jon S. Corzine is the Governor of the State of New Jersey, and is the official responsible for issuing a requisition warrant seeking extradition of the Plaintiff from the State of New York to the State of New Jersey.

10. Wayne J. Forrest is the Prosecuting Attorney of Somerset County, New Jersey, and is the official responsible for the indictment of the plaintiff in Somerset County on December 5, 2005 and who instituted the procedures for issuance of a bench warrant by the Somerset County Superior Court and for the requisition by the Governor of New Jersey.

11. Julie M. Marino is a Judge of the Superior Court of the State of New Jersey, and is the

3

Judge who issued the oral and written orders upon which the aforesaid indictment is based, and who was later removed from Plaintiff's matrimonial case for bias by the Appellate Division of the Superior Court of New Jersey.

## FACTUAL ALLEGATIONS

12. Plaintiff, Lawrence Ray, is presently in the Custody of the New York City Department of Correction at Rikers Island Correctional Facility, and has been incarcerated therein since January 25, 2008 upon a bench warrant issued by the Superior Court of Somerset County, New Jersey, on January 16, 2007 for Plaintiff's failure to appear at a "Status Conference" on the pending indictment. A copy of the bench warrant is annexed as Exhibit "A" and the New York City Criminal Court affidavit is attached as Exhibit "B".

13. Upon information and belief a New Jersey Requisition warrant has been filed by the Governor of New Jersey and an extradition warrant issued by the Governor of New York. Extradition proceedings are pending in Bronx County Supreme Court and are due to be heard on April 15, 2008.

14. Plaintiff was indicted by the Grand Jury in Somerset County, New Jersey on or about December 5, 2005 for "Interfering in Custody" and "Contempt" (See Exhibit "C".) The genesis of that indictment is as follows:

a. Plaintiff and his ex-wife were embroiled in a contentious, contested divorce, with serious allegations of abuse of the parties' two infant daughters, Talia and Ava, perpetrated by the wife and members of her family.

b. On November 22, 2005, the case was before Superior Court Judge Julie M. Marino, a named defendant herein, and Plaintiff was not present in Court. For reasons not fully supported in the record and based upon many extraneous matters, the Court, Sue Sponte, ordered custody of the two daughters transferred from the Plaintiff to third parties.

c. At that time Judge Marino inexplicably ordered the Plaintiff's lawyer "not to contact the Plaintiff, to remain in the courtroom", and confiscated her cell phone so that she had no ability to advise the Plaintiff of the court's verbal order taking custody away from the Plaintiff.

> **The following colloquy took place:**
>
> "Ms. Lyons: I, obviously, your Honor, vehemently object to any gag order that would prevent me from speaking with Lawrence Ray... It's just absolutely inappropriate".
>
> The Court: Well, he's not here...
>
> Ms. Lyons: I would want to call him and tell him what happened – I mean I have the obligation to call and tell him what happened.
>
> The Court: Well, the problem Ms. Lyons is he's not here"
>
> "The Court: You're not going to call him and tell him that a warrant is going to be issued for him if he doesn't go to Warren...
>
> Ms. Lyons: How else is he to know he's to be there at 5:00, you're Honor, if I don't tell him? I must express my objection for the record of

5

> any order or any restraints that an attorney not be able to communicate with his or her client. I contend it is a violation of due process...
>
> The Court: Well, he chose not to be here".

**********

On November 29, 2005, seven (7) days after issuing her verbal order, Judge Marino published two (2) written orders: One order sated, inter alia, "temporary Custody of Ava Ray is hereby transferred from Defendant Lawrence Ray to Maria Mineo... temporary custody of Talia Ray is hereby transferred from Defendant to the care of DYFS... and ... "<u>Counsel for the Defendant is not to contact defendant</u> until the proper authorities have been provided an opportunity to effect transfer of custody". (See <u>Exhibit "D"</u> – Emphasis Mine)

The second order stated, inter alia, that "Defendant Lawrence Ray is hereby imputed with notice of Court's prior order of November 22, 2005" (See <u>Exhibit "E"</u>). Just six (6) days after issuance of the aforesaid written orders and despite Judge Marino's "gag order" the Somerset County Grand Jury indicted the Plaintiff herein for "interfering with custody" and "contempt" (Exhibit "C"). The indictment alleges that "Lawrence Ray on or about the 23rd day of November 2005... did conceal" Ava Ray and Talia Ray (2 sep. Counts). Said dates being before the aforesaid written orders were published.

15. Several related occurrences affecting the Plaintiff herein are significant in the context of this action:

   a. In a collateral court matter between the Plaintiff and his ex-wife involving a Final Restraining order (FRO) granted by Judge Marino prior to the aforesaid

6

events, the Appellate Division of the Superior Court rendered a decision reversing the findings of Judge Marino and stated "several aspects of the trial proceedings raise questions about the fairness of those proceedings... and despite our usual deference to the findings of a Family Court Judge... we are constrained to vacate the FRO issued in this case and remand for a new trial". The Appellate Division further ordered that the matter be remanded for a new trial <u>before</u> <u>a</u> <u>different</u> <u>judge!</u>   That decision regrettably, was decided on February 6, 2006,  more than two months after Judge Marino's Custody orders and the criminal indictment were published.

b. In June 2005, two Warren Township Police officers broke into the Plaintiff's home, allegedly on an "oral search warrant" from a Town Judge of the Town of Warren.  The officers were, on Information and Belief, and then importuned by the Judge, Richard M. Sasso, to remove from their report any reference to such oral warrant.  There is no indication of any exigent circumstances which would have justified such an unusual and clearly improper act by the Judge and the local police.  A civil rights action is now being prosecuted on behalf of Plaintiff against the Warren Township Police and the individual officers in the US District Court for New Jersey, case 3:07 – CV – 02812 (JAP – JJH).  The action against Judge Sasso, a named defendant in that case, was dismissed by the Federal Court on the grounds of "qualified immunity".  However, a few days after the Federal Court's decision, Judge Sasso resigned from his office. [Charges against him were recently instituted by the New Jersey Advisory committee on Judicial Conduct for a series of ethical lapses, none of which pertain to the aforesaid events concerning Plaintiff herein, but the Advisory

7

    Committee has since been made aware of his involvement in the search of Plaintiff's home  (See Exhibit F).

c. A separate action is also being prosecuted on behalf of the Plaintiff's daughter, Talia, now 18 years of age, in the US District Court for New Jersey against her maternal grandfather, mother and others for assault, battery, sexual abuse and other allegations which occurred during her minority and while in the custody of her mother.  That case is entitled T.R. and Lawrence Ray against Laurence Guarino, et al, Case No. 2:207 CV 05959.

d. Michele D'Onofrio an Assistant Prosecutor in the office of the Somerset County Prosecutor, Wayne J. Forrest, a named defendant herein, was privy to, and purportedly advised Judge Sasso of his improper conduct and, in particular, his involvement in the illegal search of Plaintiff's home.  Said Assistant Prosecutor was later terminated from her position as Assistant Prosecutor and also discharged from her job with the Law Offices of DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis & Lehrer.  In a lawsuit, filed by Ms. D'Onofrio on October 24, 2007 in Superior Court of Essex County against that Law Firm for wrongful discharge and discrimination, Ms. D'Onofrio alleges, inter alia, that Christopher Bateman, a State Senator, and a partner in the firm advised D'Onofrio "not to take any action against Municipal Judge Richard Sasso".  D'Onofrio was also cooperating with an FBI investigation and an investigation by the Attorney General into Judge Sasso's conduct.  In February 2007, after being made aware of D'Onofrio's cooperation in the investigation, Judge Sasso suddenly wrote a letter attacking D'Onofrio's behavior, including numerous false and

       unsupported allegations. D'Onofrio further alleged in her complaint that "... Sasso is a political ally, friend and crony of the very political and well-connected members..." of the Di Francesco Law firm and that she was terminated in retaliation for her participation in investigations "... about the corruption, incompetence, unethical behavior of one of their political cronies...".

  e.  Michele D'Onofrio, prior to her discharge as Assistant Prosecutor, made assertions to the effect that there was extreme political pressure to "kill" Plaintiff Lawrence Ray, [Possibly not literally, but certainly to destroy his credibility and ruin his career]. Thus, it is critical to understand the actual background of the Plaintiff, set forth below, and how it impacts on the need for relief from his Court.

16. Plaintiff, in the 1980's and 1990's, worked under special contract for the U.S. Government, and specifically for the CIA and DIA, performing covert assignments involving counter-terrorism in the USSR, Kosovo, the Middle East and elsewhere. In 1995, Plaintiff became a close friend of **Bernard Kerik,** then employed as Deputy Commissioner of the New York City Department of Correction (later Police Commissioner of New York City). At that time Plaintiff owned a successful insurance brokerage business, later sold to Willis Caroon.

17. Sometime in 1995 or 1996, Kerik introduced Plaintiff to Frank DiTomasso, a Principal of **Interstate Industrial Corp**., a company with alleged ties to organized crime. In mid 1996, after learning that Interstate was, indeed, connected to organized crime, Plaintiff volunteered to serve as a confidential source for the FBI, and continued in

9

that role for at least three (3) years. In or about April 1999 Plaintiff learned that Kerik and DiTomasso had a series of meetings and that DiTomasso offered to renovate Kerik's apartment and to spend about $170,000.00 to do so. Plaintiff approached Kerik and importuned him not to accept the offer from DiTomasso.

It was recently revealed that one of the persons who recommended the DiTomasso's and Interstate Industrial Corp. for a license to do business in Atlantic City was Christopher Bateman, former Republican Senate President in New Jersey and the DiFrancesco partner who warned former Asst. Prosecutor D'Onofrio not to make allegations against Judge Sasso and then, presumably, caused her termination from his law firm. It is reported that the DiTomasso's contributed to the election campaign of Christopher Batemen.

18. In November 1998 Plaintiff had served as best-man at Kerik's wedding, but prior to that time had advised an FBI agent that Kerik was involved in alleged illegal activities as Deputy Commissioner of Correction and that he was reluctant to be the best man because of what he had learned about Kerik's activities.

19. In March 2004 Plaintiff began working with the NYC Dept. of Investigation (DOI) the Bronx District Attorney, and the Department of Gaming Enforcement in New Jersey. In mid 2005 Plaintiff was advised by a Senior official of DOI that there was evidence that Kerik and two (2) FBI agents were responsible for an indictment against Plaintiff in 2000 in which Plaintiff pled guilty to security fraud and was sentenced to five (5) years probation. [Plaintiff contends that he was wrongfully accused and pleaded guilty only to remain with his two daughters after he was promised probation.] The office of the Attorney General in New Jersey, Division of Gaming Enforcement, has acknowledged

Plaintiff's assistance in their ongoing investigations of the DiTomassos.  (See Exhibit "G").

20. In or about May 2005, the same official at DOI advised Plaintiff that his ex-wife was "aligned and working with" Bernard Kerik.

**21.** In June 2006 Kerik was indicted in Bronx County and pleaded guilty to a misdemeanor charge of accepting a gift from Interstate Industrial Corp.  The Bronx DA and the New York City DOI have acknowledged Plaintiff's pivotal role in bringing about that indictment and conviction.

**22.** Bernard Kerik is currently under Federal Indictment in this Court.

**23.** Kerik's ties to the DiTomasso's and to New Jersey generally are well known.  In the 1980's **he** served for a short time as Warden of the Passaic County Jail and was decorated by the City of Paterson.

**24.** After Plaintiff's indictment for custodial interference in Somerset County on December 5, 2005 and while incarcerated at the Somerset County Jail, Plaintiff was advised by a correction officer that he was told to "hurt Lawrence Ray". [An affidavit from James H. Harris, a highly regarded private investigator, and former DEA Agent, sets out what he perceives to be the imminent danger to Ray if he is returned to Somerset County.  (See Exhibit "H")

**25.** All the foregoing, especially the events before Judge Marino in November 2005, and

the exceptionally rare criminal indictment handed up within two (2) weeks of the Judge's oral order to change custody, evince a pattern of bias and undue influence by and upon the authorities in Somerset County, New Jersey.

**Count One**
**(For a Temporary and Permanent Injunction)**

26. Repeats and realleges paragraphs "1" through "25" of this complaint as if fully set forth herein.

27. The acts of Defendant's Forrest and Marino which caused, instigated and procured the indictment of the Plaintiff in Somerset County were commenced in bad faith and to harass the Plaintiff, were the result of undue influence, venal intent and under such extraordinary circumstances that great, immediate and irreparable injury to the Plaintiff will result from continued prosecution of the indictment.

28. The acts of the defendants, Forrest and Marino, were and are patently unconstitutional and have and will deprive Plaintiff of due process of law and of equal protection pursuant to the provisions of the United States Constitution and the Constitution of the State of New Jersey.

29. The act of defendants, Paterson and Corzine, to wit, issuance and enforcement of extradition requisitions, orders, and proceedings, are, for the reasons set forth above, a deprivation of due process and violative of the Plaintiff's right to equal protection under the Constitutions of the United States, the State of New Jersey and the State of New York.

30. Upon information and belief, the Plaintiff was not within the State of New Jersey on

the 22nd and 23rd days of November 2005, the operative dates upon which the indictment in Somerset County, New Jersey is based and thus, in accordance with the New York Criminal Procedure Law Sect. 570.08, the Governor of New York is prohibited from recognizing the demand for extradition unless the State of New Jersey can establish that Plaintiff was in that State on the aforesaid dates and fled therefrom.

31. That Plaintiff has no adequate remedy at Law.

## Count Two
**[For an order quashing the bench warrant, requisition and extradition warrants, and enjoining the Plaintiff's extradition]**

32. Repeats and realleges paragraphs 1 through 31 of this complaint as if fully set forth herein

**33.** For the reasons set forth in all the foregoing paragraphs and for the reasons specifically alleged in Paragraph 29 above, the Bench warrant, New Jersey Governor's requisitions, and any extradition warrants issued by the Governor of New York should be quashed and the Governor of the State of New York enjoined from extraditing the Plaintiff to the State of New Jersey .

34. Plaintiff has no adequate remedy at law.

**Count Three**
**[Stay of State Court Proceedings and application for a Writ of Habeas Corpus]**

35. Repeats and realleges paragraphs 1 through 34 of the complaint as if fully set forth herein.

36. That pursuant to 28 USC 2251 and 28 USC 2254, New York Criminal Procedure Law, Sections 570.24 and 570.28, and New York Civil Practice Law and Rules Section 7001, et sec, Plaintiff is eligible for and entitled to be released from custody.

37. Plaintiff has not been charged with an offense punishable by death or life imprisonment and is a person eligible for release on bail or parole.

38. Two applications for the release of the Plaintiff from custody made to the New York State courts have been denied and Plaintiff has thus exhausted his State remedies as prescribed in 22 US 2254; moreover, circumstances exist that render such process ineffective to protect the rights of the Plaintiff and the denial of the Habeas Corpus applications by the State Courts were arbitrary and incorrect, i.e., posited solely upon the desire of the defendant Forrest to have the Plaintiff extradited and tried in Somerset County, New Jersey, and wholly ignoring the aforesaid provisions the Criminal Procedure Law and Civil Practice Law and Rules of the State of New York.

39. That Plaintiff has no adequate remedy at law.

### Count Four

**(For removal of Plaintiff's Matrimonial and Custody Cases out of Somerset County)**

40. Repeats and realleges paragraphs "1" through "39"of this complaint as if fully set forth herein.

41. That the foregoing events demonstrate that Plaintiff and his two daughters cannot be treated fairly in the Courts of Somerset County, New Jersey and that there is endemic undue influence in that County, whether political, retaliatory or otherwise, being brought to bear against the Plaintiff herein.

42. That this Court should, therefore, exercise its corrective and judicial power to remove any and all cases involving this Plaintiff and/or his daughters, whether civil, criminal, matrimonial or otherwise from the courts of Somerset County to another jurisdiction either state of federal.

43. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the following relief as to each of the above counts:

1. **That the Defendant's, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently, from proceeding with the prosecution and trial of the Plaintiff on the indictment handed up in Somerset County, New Jersey on the 5th day of December 2005 wherein Plaintiff is charged with two (2) counts of "Interfering with Custody" and one count of "contempt".**

2. **That this Court preliminary stay and enjoin the defendant, their officers, agents, servants, employees, attorneys and all persons acting for, with, by, through or under them, at first during the pendency of this action and, thereafter, permanently, from extraditing the Plaintiff from the State of New York to the State of New Jersey to be tried on the aforesaid indictment in Somerset County, and quashing any requisitions, warrants or other process of every kind seeking to remove and extradite from the State of New York to the State of New Jersey.**

3. **That any and all New York State Court proceedings for the extradition of the Plaintiff from the State of New York to the State of New Jersey be preliminarily stayed and enjoined, at first during the pendency of this action and thereafter, permanently.**

4. **That all civil matrimonial and custody proceedings involving the Plaintiff and his daughters be removed from the Courts of Somerset County New Jersey o another jurisdiction, either State or Federal,**

5. **That this Court issue forthwith a Writ of Habeas Corpus commanding the release of Plaintiff from the custody of the New York City Department of Correction and that Plaintiff be granted release on recognizance or reasonable bail,**

6. **That Plaintiff be awarded costs and disbursements of this action, together with reasonable attorneys' fees, and**

**7. That Plaintiff have such other and further relief as the Court may deem just and proper.**

**Dated:  April 8, 2008**

                                        **Respectfully Submitted**

                                        _____
                                        **Sidney Baumgarten (SB2743)**
                                        **355 South End Avenue**
                                        **New York, N. Y. 10280**
                                        **Tel:  (646)781-9587**
                                        **Fax:  (212)775-0190**