**MEMO ENDORSED**

**SIDNEY BAUMGARTEN, ESQ.**
Attorney at Law
355 South End Avenue #31J
New York NY 10280

Phone: 646-781-9587
Fax: 212-775-0190

Cell: 646-338-8371
Email: sidbaumgarten@aol.com

April 11, 2008

VIA FAX: 212-805-7949

Hon. P. Kevin Castel
Judge of the US District Court, Southern District of NY
500 Pearl St.
New York NY 10038

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-11-08

Re: Ray v. Paterson, et al   08CV03485

Dear Judge Castel,

I have received your Order of this date and I am somewhat nonplussed by own failure to have submitted a Memorandum of Law. In my haste to get the Stay, and my infrequent ventures into Federal Court, it was my oversight.

I would respectfully ask the Court to either reconsider its determination or grant me leave to resubmit the Order to Show Cause together with a Memorandum of Law.

In either event I draw the Court's attention to a case in the 10th Circuit entitled Phelps v. Hamilton, 59 F. 3d 1058 (1995) in which that Court stated that "Younger authorizes federal courts to enjoin state criminal prosecution provided that is was (1) commenced in bad faith or to harass...or (3) related to any other extraordinary circumstances creating the threat of 'irreparable injury' both great and immediate". The Circuit Court reversed the District Court and said "we conclude that the district court erred by refusing to abstain from enjoining the Criminal prosecution...in the absence of proof by Phelps and a finding by the District Court that the prosecutions were instituted in bad faith or to harass". And the matter was remanded to the District Court to conduct further proceedings.

I believe we can establish that in the instant case, the prosecution was, indeed, one of bad faith and motivated to harass or in retaliation against Mr. Ray. All we seek is sufficient time to present our evidence in this Court before Ray is extradited to New Jersey.

Respectfully,
Sidney Baumgarten

As I made clear, I declined to sign the O/S/C not because of some technical deficiency but in failing to file a required piece of paper (i.e. a memorandum of law as required by Local Rule 7.1) but because of an utter failure to explain the basis in law for the application which would enjoin the parties from proceeding in New York Court. The citation to a Tenth Circuit case citing Younger does not shed much light on the issue. The TRO, upon reconsideration, remains DENIED.

I will not, however, preclude plaintiff from filing an amended complaint under the Federal Rules of Civil Procedure and the Local Rules of Individual Practice as my SO ORDERED allow. SO ORDERED
[signature] USDJ
4-11-08