UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LAWRENCE RAY,

                          Plaintiff,


                                                              08 Civ. 3485 (PKC)


              -against-

                                                              MEMORANDUM
                                                              AND  ORDER


DAVID PATERSON, as Governor
        of the State of New York, et al.,

                          Defendants.
-------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.


        Mr. Ray is presently in the custody of the New York City Department of

Corrections.  On or about January 16, 2007, a bench warrant was issued for Mr. Ray's arrest

in connection with a two count indictment for state crimes of interference with custody and

contempt by a grand jury sitting in Somerset County, New Jersey.  There is a proceeding in

Supreme Court Bronx County, New York, in which New Jersey seeks his extradition to

answer the charges.

        With the extradition hearing scheduled for tomorrow, Mr. Ray's attorney

presented an order to show cause last Friday, April 11, 2008, seeking to enjoin the Gover-

nors of New York and New Jersey and various prosecutorial authorities from proceeding

with the hearing.  I declined to sign the order to show cause because the complaint and

supporting papers did not make out a case entitling the movant to the relief he sought. I

noted the absence of a memorandum of law setting forth any legal basis for relief.  Local

Rule 7.1.

-2-

Plaintiff's lawyer has returned to Court this morning—the day  before the

Bronx County extradition hearing-- with a memorandum of law.  Citations to preliminary

injunction standards aside, he cites Younger v. Harris, 401 U.S. 37 (1971) and Phelps v.

Hamilton, 59 F.3d 1058 (10th Cir. 1995), neither of which supports his entitlement to relief.

'Under Younger and its progeny, a federal court should abstain from exercis-

ing jurisdiction where three factors are present: (1) there is an ongoing state criminal pro-

ceeding; (2) the claim raises important state interests; and (3) the state proceedings provide

an adequate opportunity to raise the constitutional claims." Schlagler v. Phillips,  166 F.3d

439, 442 (2d Cir. 1999) (citing Hansel v. Town Court for Town of Springfield, New York,

56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995)).   It is undisputed that there

are on-going proceedings in the courts of two states.  Turning to the second factor, the in-

terest of the state of New Jersey in the administration of its criminal justice system and the

enforcement of its child custody laws is strong.  Also, New York has an interest rooted in

comity and the full faith and credit clause in not harboring fugitives from a sister state.  Fi-

nally, as to the third factor, there is no reason to believe that, New Jersey's state court sys-

tem, which affords appellate review of convictions, cannot fairly consider any claim arising

under the United States Constitution.  Nor is there anything beyond speculation arising out

of his prior work with law enforcement that state prison officials would not be able to

safely hold him until trial.

Plaintiff Ray has not overcome the grounds for Younger abstention.  I note

that a plaintiff who does succeed in overcoming abstention may seek and obtain an injunc-

tion against a pending state criminal prosecution that was (1) commenced in bad faith or to

harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any

other such extraordinary circumstance creating a threat of "irreparable injury" both great and

immediate. 401 U.S. at 53-54.  Phelps v. Hamilton, 59 F.3d 1058, 1065, summarizes the

standard for an injunction on a bad faith or harassment theory:

> Three factors that courts have considered in determining whether a
> prosecution is commenced in bad faith or to harass are: (1) whether it was
> frivolous or undertaken with no reasonably objective hope of success. . .
> (2) whether it was motivated by the defendant's suspect class or in
> retaliation for the defendant's exercise of constitutional rights . . .and (3)
> whether it was conducted in such a way as to constitute harassment and an
> abuse of prosecutorial discretion, typically through the unjustified and
> oppressive use of multiple prosecutions. . . .These factors are important
> because the cost, anxiety, and inconvenience of defending against a single
> prosecution brought in good faith is not enough to establish the "great and
> immediate" threat of irreparable injury necessary to justify enjoining
> pending state proceedings.

Id.

Nothing in the record before me suggests that the indictment is frivolous or

returned by the grand jury with no hope of success in proceeding to trial. Only vague

speculation supports the claim that the prosecution has any relationship to his membership

in a suspect class or because of his exercise of constitutional rights.   The complaint and

affidavits are replete with discussion of plaintiff's work for the CIA and the Defense Intelli-

gence Agency "in the 1980s and 1990s", the fact that a former New York City official intro-

duced plaintiff to a person with ties to organized crime in 1995 or 1996 and that his ex-wife

was "aligned and working with" the ex-City official. The link between the foregoing and the

New Jersey prosecution is attenuated and not supported by an evidentiary showing.  Nor

has there been multiple or successive prosecutions by the Somerset County prosecutor.

Other allegations of harassment or abuse of prosecutorial discretion are unsupported.

No charge under a flagrantly or patently unconstitutional statute is alleged

here.  No other extraordinary circumstances have been demonstrated.

here. No other extraordinary circumstances have been demonstrated.

Plaintiff has made no showing that a Justice of the Supreme Court of the State of New York, Bronx County, could not hear, consider and fairly rule upon his arguments. Considerations of comity and federalism and the lack of an evidentiary showing by the plaintiff warrant the denial of a temporarily restraining order preventing the parties from proceeding in Bronx County. There is no demonstrated basis to sign the order to show cause and this Court declines to do so.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 14, 2008